IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBBIN GRAY a/k/a ROBBIN BORRELL, <br>         Plaintiff <br><br> v. <br><br> PAMELA CORAPI, <br><br>         Defendant. | : CIVIL DIVISION <br> : <br> : <br> : Civil Action No.: <br> : <br> : <br> : <br> : *Electronically Filed* |

## **NOTICE OF REMOVAL**

TO:   The Honorable Judges of the United States District Court for the Middle District of Pennsylvania

This Notice of Removal is filed by Defendant, Pamela Corapi, asserting as follows:

1. Plaintiff Robbin Gray a/k/a Robbin Borrell initiated this action by filing a Complaint on or about September 17, 2019, with the Court of Common Pleas of Carbon County, Pennsylvania sounding in negligence.. (*See* Complaint attached hereto as Exhibit "A".)

2. Upon information and belief, at the time this action was initially commenced and at the current time, Plaintiff Robbin Gray a/k/a Robbin Borrell was and is a resident of Jim Thorpe, Carbon County, Pennsylvania.

3. At the time this action was initially commenced and at the current time, the Defendant Pamela Corapi was and is a resident of Patchogue, Suffolk County, New York.

4. The within case pertains to an alleged slip and fall which occurred on February 20, 2019, located at Jim Thorpe, Carbon County, Pennsylvania.

5. The Complaint seeks an award in excess of the arbitration limits of Carbon County ($50,000), but no specific sum is demanded in the Complaint.

6. Per the Complaint, it is alleged that Plaintiff Robbin Gray a/k/a Robbin Borrell was rendered disabled due to her injuries which upon information and belief are of a permanent character. (*See* Paragraph 10 of Plaintiff's Complaint attached as Exhibit "A".)

7. Per a telephone conversation between the parties on October 8, 2019, Plaintiff advised that the amount in controversy is over $75,000.

8. This Notice of Removal is filed within thirty (30) days after Defendant, Pamela Corapi, was made apprised that the amount in controversy exceeded $75,000, and within one (1) year of the commencement of this matter by Plaintiff on September 17, 2019 by the filing of the Complaint; thus, it is timely filed pursuant to 28 U.S.C. §1446(b) (3) and (c).

9. As all of the parties to this action are diverse and the amount in controversy exceeds $75,000, this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and this case may be removed to this Court by this Defendant pursuant to the provisions of 28 U.S.C. §§1441 and 1446.

WHEREFORE, Defendant Pamela Corapi requests that this action now pending in the Court of Common Pleas of Carbon County at No. 19-2456 – Civil be removed to this Honorable Court.

**JURY TRIAL IS DEMANDED.**

Respectfully submitted,

THOMAS, THOMAS & HAFER LLP

Date: 10-15-19   BY: _____
James J. Dodd-o, Esquire
PA ID No. 44678
Paraskevoula Mamounas, Esquire
PA ID No. 88908
jdoddo@tthlaw.com
pmamounas@tthlaw.com
1550 Pond Road, Suite 210
Allentown, PA 18104
Tel. (610) 332-7029
***Counsel for the Defendant
Pamela Corapi***

3

4056849.1

# EXHIBIT "A"

*570*
*325-288¶1.*
*TARA*

**BORRELL & RISO, L.L.P.**
By: JEFFREY F.P. BORRELL
Attorney I.D. No. 310932
1500 Hylan Boulevard
Staten Island, New York 10305
(718) 667-8600

**ATTORNEY FOR PLAINTIFF**

---

ROBBIN GRAY a/k/a ROBBIN BORRELL :
314 West Broadway, Jim Thope,:
PA 18229 :
: COURT OF COMMON PLEAS
: NORTHAMPTON COUNTY
: CIVIL ACTION NO. 19-2456
VS. :
:
PAMELA CORAPI, residing at :
75 Fairfield Way, Commack, NY :
11725 and/or 22 La Bonne vie Drive :
Apt. H, East Patchogue, NY 11772 :
:
:

## CIVIL ACTION COMPLAINT

1. Plaintiff, ROBBIN GRAY a/k/a ROBBIN BORRELL, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the address referenced above.

2. Defendant, PAMELA CORAPI, is a citizen and resident of the County of Suffolk, State of New York, residing therein at the address referenced above.

3. On or about February 20, 2019, Defendant PAMELA CORAPI, was the owner of the premises located at 313 West Broadway, Jim Thorpe, PA 18229.

4. That at all times hereinafter mentioned, the Defendant, PAMELA CORAPI operated, managed and controlled the above-described property/sidewalk in front of 313 West Broadway, Jim Thorpe, PA 18229.

5. That upon information and belief, at all times hereinafter mentioned, for an unreasonable time prior to and including February 20, 2019, the Defendant, PAMELA CORAPI, was negligent in failing to properly salt, sand or remove ice and snow on the sidewalk in front of the above-described premises and that it was patently dangerous.

6. That on or about February 20, 2019, at approximately 3:00 p.m. of that day, the Plaintiff, ROBBIN GRAY a/k/a ROBBIN BORRELL, was lawfully and properly a pedestrian walking past the premises of 313 West Broadway, Jim Thorpe, PA, and was caused to slip and fall on an unshoveled, unsalted, un-sanded, unlit icy portion of the sidewalk, sustaining personal injuries as a result thereof.

7. That there is imposed by law upon said Defendant the duty of maintaining said premises and surrounding vicinity in a safe and proper condition so that they will not be dangerous to those lawfully using them.

8. That on or about and prior to February 20, 2019, the Defendant disregarded her duties aforesaid negligently created the aforesaid defective/dangerous condition and negligently and carelessly permitted the sidewalk as described above to become and remain in an unsafe and dangerous condition and maintained the same improperly and dangerously. That the said sidewalk was negligently left unshoveled, unsalted, un-sanded, unlit and icy, all of which Defendants had due notice.

9. The negligence, carelessness and liability producing conduct of Defendant, ROBBIN GRAY a/k/a ROBBIN BORRELL, consisted of the following:

   (a) in the operation, management and control of the said sidewalk;

   (b) in having allowed the sidewalk to become and remain, for a long time after notice, actual or constructive, in a slippery, unsafe, unlit dangerous, defective in snowy and icy conditions,

   (c) in a condition such as to have been a danger to persons thereat;

   (d) in failing to clear snow and ice on said sidewalk;

(e) in having an unsecured, unlit, unlawful, unsafe, icy, dangerous sidewalk;

(f) in having maintained said sidewalk in a manner and condition such that the area was slippery, wet, unstable, unlit, icy, snowy, unsteady and improperly being used;

(g) in having failed to have maintained the sidewalk in a manner and condition such as was misleading and dangerous to persons passing near the same;

(h) in having failed to have exercised due and proper supervision; in having permitted the aforesaid sidewalk to become and remain dangerous to people thereon;

(i) in having failed to have adequately supervised the aforesaid premises;

(j) in having given to said Plaintiff a false assurance of safety;

(k) in having permitted an impediment to the safe passage of said Plaintiff in and through the above described sidewalk;

(l) in having caused and allowed the above-mentioned impediment;

(m) in having permitted the existence of a snowy, icy, unlit condition which was a nuisance, menace and danger to persons on the said sidewalk;

(n) in having failed to have given to said Plaintiff adequate and timely signal, notice or warning of the said snowy, icy, unlit condition which was misleading and dangerous, thereby creating an unreasonable risk of harm or injury;

(o) in failing to rope off and secure area to prevent Plaintiff and others from passing through area and failing to inspect or promulgate adequate procedures to inspect or to check that inspection procedures are being followed so remedial action can be followed up in a timely fashion;

(p) in failing to salt and/or sand and light said sidewalk and in failing to warn pedestrian of said icy/snow condition; and

(q) In failing to obey, follow or comply with a local ordinance regarding snow removal.

10. That by reason of the foregoing, as aforesaid, the Plaintiff, ROBBIN GRAY a/k/a ROBBIN BORRELL, was rendered disabled due to her injuries, which upon information and belief, are of a permanent character, and that by reason thereof, the Plaintiff, ROBBIN GRAY a/k/a ROBBIN BORRELL, has been prevented from following her usual duties and she is informed and verily believes, that in the future she will be prevented from following his usual duties all to the Plaintiff's damages.

11  The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount of damages in excess of the compulsory arbitration amount with all other compensable damages.

Sept 17, 2019

BY: _____
JEFFREY F.P. BORRELL, ESQUIRE
BORRELL & RISO, LLP
Attorneys for Plaintiff
Attorney I.D. No. 310932
1500 Hylan Boulevard
Staten Island, New York 10305
(718) 667-8600

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, as well as information gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that she has read the within pleading and this is true and correct to the best of her knowledge, information and belief. To the extent that the contents of the pleading is that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to penalties of 18 Pa. C.S.4904 relating to unsworn falsifications.

_____
ROBBIN GRAY a/k/a ROBBIN BORRELL

Date: Sept. 17 2019